F I L E D
Clerk
District Court
JUL 16 2024
for the Northern Mariana Islands
By_____JP_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>XI HUANG,<br><br>　　　　Defendant. | Case No.: 1:15-cr-00014<br><br>**DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION, AND GRANTING COUNSEL'S MOTION TO WITHDRAW** |

## I.　INTRODUCTION

Pending before the Court is pro se Defendant Xi Huang's ("Huang") motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) (ECF No. 278) to which the government filed a timely opposition (ECF No. 279). Although Huang filed an untimely reply (ECF No. 280) over a month after the filing of the opposition, the Court exercises its discretion to accept and consider it. *See* LR 7.1(c)(3). Additionally, Robert T. Torres, Esq., who was appointed to represent Defendant Xi Huang for the limited purpose of determining whether Defendant is eligible for a reduction of his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines (ECF No. 282), filed a motion to withdraw (Mot. Withdraw 4-5, ECF No. 288) denoting his conclusion that his client does not qualify for a sentence reduction. The Court finds oral argument unnecessary, DENIES Huang's motion for a sentence reduction for reasons detailed herein, and GRANTS Mr. Torres's Motion to Withdraw.

/ / /

## II. PROCEDURAL AND FACTUAL BACKGROUND

On August 12, 2016, Huang was sentenced to 188 months imprisonment with credit for time served for his conviction of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a), (b)(1)(C). (J. 1-2, ECF No. 96.) At sentencing, the Court calculated Huang's total offense level at 37 with a U.S. Sentencing Guidelines ("USSG" or "the Guidelines") range of 210-262 months, varied downwards by two levels to level 35 with a Guidelines range of 168-210 months, and sentenced Huang to 188 months. (*Id.*; Statement of Reasons 1, 3, ECF No. 96-1.) To arrive at original total offense level, the Court awarded a two-point enhancement pursuant to USSG § 3B1.1 for Huang's leadership role in the conspiracy. (Order Denying Mot. Vacate 4, ECF No. 225; *see also* Am. Final PSR ¶ 45; ECF No. 102.) Huang appealed the judgment in the case through new private counsel (Notice of Appeal, ECF No. 127), but the appeal was ultimately dismissed by stipulation of the parties (Order of Dismissal, ECF No. 191.)

Subsequently, Huang filed a motion asserting ineffective assistance of trial counsel for failure to object to the two-point enhancement for Huang's leadership role. (Order Denying Mot. Vacate 10.) The Court denied the motion because Huang failed to demonstrate any prejudice even if the Court removed the two-point enhancement. (*See id.*) If the Court had removed the two-point enhancement—such that his offense level would be 35 with a Guidelines range of 168-210 months—the sentence pronounced of 188 months was still within this range. (*See id.*)

More recently, Huang submitted a request to Warden B. Birkholz on September 27, 2023, seeking a sentence reduction asserting he is eligible for Amendment 821 to the Guidelines. (BOP Req., ECF No. 278-3.) Nearly two months later, Huang filed the instant motion. (Mot. 1.) While this pro se

motion was pending, the Court separately appointed Criminal Justice Act ("CJA") counsel for Huang to address this Court's General Order, No. 24-00001 (Feb. 1, 2024) regarding Amendment 821.

## III.    LEGAL STANDARD

### A.  18 U.S.C. § 3582(c)(2)

Section 3582(c)(2) authorizes the court to modify a term of imprisonment

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A defendant is eligible for a sentence reduction pursuant to § 3582(c)(2) "only if (1) the defendant's term of imprisonment was based on a sentencing range that has subsequently been lowered by a retroactive amendment to the Guidelines, and (2) the reduction is consistent with USSG § 1B1.10, the policy statement that implements § 3582(c)(2)." *United States v. Mercado-Moreno*, 869 F.3d 942, 948–49 (9th Cir. 2017) (first citing *Dillon v. United States*, 560 U.S. 817, 826-27 (2010); and then citing USSG § 1B1.10(a)(1)). First, "[t]o decide whether a retroactive Guidelines amendment lowers a defendant's sentencing range, the court must determine 'the amended guideline range that would have been applicable to the defendant if the [relevant amendment] had been in effect at the time the defendant was sentenced.'" *Id.* at 949 (quoting USSG § 1B1.10(b)(1) (2014)). "A defendant is ineligible for a sentence reduction if the relevant amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" *Id.* (quoting USSG § 1B1.10(a)(2)(B) (2014)). Once the court determines that "a defendant is eligible for a sentence reduction because the retroactive amendment lowers the defendant's applicable guideline range, the court proceeds to the second step

3

of the inquiry" where it "must determine whether, in its discretion, 'the authorized reduction is warranted, either in whole or in part, according to the factors set forth in' 18 U.S.C. § 3553(a) and 'under the particular circumstances of the case.'" *Id.* (citations omitted).

### B.  18 U.S.C. § 3582(c)(1)(A)

A court may grant an inmate's motion to reduce the term of imprisonment, provided that the inmate satisfy certain conditions. § 3582(c)(1)(A). First, "the defendant [must] fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" § 3582(c)(1)(A). Second, after considering the factors laid out in 18 U.S.C. § 3553(a), the Court must find that: (1) "extraordinary and compelling reasons warrant such a reduction," and (2) "that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). The relevant statements explain that a court may reduce a term of imprisonment if it determines that (1) "extraordinary and compelling reasons warrant the reduction," (2) "the defendant is not a danger to the safety of any other person or to the community," and (3) "the reduction is consistent with this policy statement." USSG § 1B1.13(a).

## IV.  ANALYSIS

Huang moves for a sentence reduction on two alternative grounds–first pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 4C1.1 on the basis he is a first-time offender, and second pursuant to 18 U.S.C. § 3582(c)(1)(A) and USSG § 1B1.13(b)(6) on the basis that defendant received an unusually long sentence. (Mot. 1, 14.) However, neither provision is applicable such that the Court DENIES his motion.

4

## A. Adjustment for Certain Zero-Point Offenders

Recently, the U.S. Sentencing Commission amended the Guidelines to provide for a retroactive adjustment for certain zero-point offenders; specifically, the offense level of a defendant should be reduced by two levels if *all* of the following ten criteria in the section are met:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848.

USSG § 4C1.1(a).

Here, Huang is ineligible for a sentence reduction because the § 4C1.1 adjustment does not apply to him. The Guidelines clearly state that a defendant is only eligible for a reduction "[i]f the defendant meets all of the following criteria" including that "the defendant did not receive an

5

adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." USSG § 4C1.1. Huang appears to conflate this requirement as he contends that there are "'**TWO-ELEMENTS**' (and/or parts) required for a defendant to be ineligible under that criteria." (Reply 2.) District courts throughout the nation have rejected similar arguments. *United States v. Arroyo-Mata*, No. 1:09-CR-13-TCB, 2024 WL 1367796, at *2, __ F. Supp. 3d__ (N.D. Ga. Apr. 1, 2024) ("Every court thus far has rejected the argument that U.S.S.G. § 4Cl.l(a)(10) precludes Amendment 821 relief only when a defendant received a U.S.S.G. § 3B1.1 adjustment and engaged in a continuing criminal enterprise." (citations omitted)). This Court agrees and similarly holds that to qualify for the two-point reduction pursuant to USSG § 4C1.1, Huang must have 1) not received an adjustment for his role in the offense *and* 2) not engaged in a continuing criminal enterprise *in order to receive* the zero-point offender reduction. *See id.* at *4. As detailed above, this Court increased Huang's offense level under § 3B1.1 and he is thus not eligible for the adjustment for certain zero-point offenders under § 4C1.1. *See id.* (holding that because the defendant "received a two-level upward adjustment under U.S.S.G. § 3B1.1 for his role in the offense," he failed to meet the requirements of § 4C1.1(a)(10)); *United States v. Castle*, No. 2:15-cr-00190-KJM-DB, 2024 U.S. Dist. LEXIS 111726, at *5 (E.D. Cal. June 25, 2024) (finding that the defendant is ineligible for Amendment 821 relief because he received an adjustment for his role in the offense under § 3B1.1).

Additionally, Huang maintains that the Court erroneously applied the leadership enhancement and cites "an intervening change in the law or an injustice during the original proceedings" as bases for granting a reduction. (Mot. 13.) It appears that Huang quoted *United States v. Arias*, No. 3:11-CR-00494-HZ-1, 2023 WL 2707370, at *5 (D. Or. Mar. 29, 2023), *aff'd,* No. 23-942, 2023 WL 6892101

6

(9th Cir. Oct. 19, 2023), but neglected to properly cite it. In *Arias*, the court noted that "[d]istrict courts that have granted a sentence reduction based *on the length of the sentence* have found either an intervening change in the law or an injustice during the original proceedings." *Id.* (emphasis added) (citations omitted). However, as the court in *Arias* noted, "there has been no intervening change in the law relevant to Defendant's case, and Defendant's trial and sentencing were fair." *Id.* Huang has not identified an intervening change in law or defect in his original proceeding that would serve as an additional basis to reduce his sentence.

Therefore, the Court finds that Huang is ineligible for relief pursuant to USSG § 4C1.1 – adjustment for certain zero-point offenders.

**B. Extraordinary and Compelling Reasons**

Huang also seeks a sentence reduction citing extraordinary and compelling reasons pursuant to § 3582(c)(1)(A) and USSG § 1B1.13(b)(6). As to the first step of the inquiry, the Court finds that Huang has fully exhausted his administrative remedies as he submitted a request to the Warden and more than thirty days has lapsed. (*See* BOP Req.) Next, the Court considers whether Huang's cited basis of USSG § 1B1.13(b)(6) demonstrates extraordinary and compelling reasons. USSG § 1B1.13(b)(6) explains that

> [e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being

7

served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Here, Huang has not served at least ten years of his over fifteen-year sentence of imprisonment—even factoring in credit for time served. Huang has only served a little over eight years of his sentence. Therefore, the Court finds that extraordinary and compelling reasons do not justify a sentence reduction.

### C. Motion to Withdraw

After reviewing the pertinent records, CJA counsel Mr. Torres determined that Huang is not eligible for a reduction of his sentence pursuant to Amendment 821 Part A or B and moved to withdraw as counsel. (Mot. Withdraw 7.) In light of the Court's denial of Huang's motion for a sentence reduction, the Court finds that Mr. Torres has satisfied the limited purpose of his representation. Therefore, his motion to withdraw as counsel is GRANTED.

### V. CONCLUSION

Based on the foregoing, the Court finds Huang ineligible for relief pursuant to either 18 U.S.C. § 3582(c)(2) and USSG § 4C1.1 or 18 U.S.C. § 3582(c)(1)(A) and USSG § 1B1.13(b)(6). Therefore, the Court DENIES Huang's motion for a sentence reduction (ECF No. 278) and GRANTS Mr. Torres's motion to withdraw as counsel (ECF No. 288).

IT IS SO ORDERED this 16th day of July 2024.

/s/ Ramona V. Manglona
RAMONA V. MANGLONA
Chief Judge

8